HENRY A. PLATT (SBN 142304)
E-mail: hplatt@saul.com
SAUL EWING LLP
2600 Virginia Ave., N.W., Suite 1000
Washington, D.C. 20037-1922
Tel.: (202) 333-8800
Fax: (202) 295-6776

Attorneys for Plaintiff
INFORMATION APPLIANCE ASSOCIATES

FILED
2008 AUG 29 AM 8:33
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATION APPLIANCE ASSOCIATES, a California Corporation,<br><br>Plaintiff,<br><br>-v-<br><br>STEVEN SCHWEIGER, an individual,<br><br>Defendant. | '08 CV 1585 JM LSP<br><br>Case No. _____<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff Information Appliance Associates ("IAA"), by and through its undersigned attorneys, alleges as follows:

### PARTIES

1. Plaintiff IAA is a California corporation with its principal place of business in the State of California, County and City of San Diego. IAA is engaged in developing and selling computer software and peripherals.

2. Defendant Steven Schweiger ("Schweiger") is an individual who resides in and is a citizen of the State of New York.

-1-
COMPLAINT FOR BREACH OF CONTRACT

## JURISDICTION AND VENUE

3. This is an action for breach of a Mutual Nondisclosure Agreement ("NDA") by a citizen of the State of California against a citizen of the State of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

4. This Court has personal jurisdiction over Defendant because Defendant has consented to such jurisdiction in the NDA.

5. Venue is proper in this District because the NDA provides for jurisdiction and venue of any controversy under the agreement in this Judicial District.

## COUNT I (Breach of Contract)

6. IAA realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 above as if fully set forth herein.

7. On or about June 13, 2008, Defendant obtained from IAA pre-release software ("Software") that was being tested by IAA. In connection with, and in consideration for, obtaining this test software, Defendant executed a valid Mutual Nondisclosure Agreement ("NDA"). A true and correct copy of the NDA is attached hereto and made a part hereof as Exhibit A.

8. The NDA provides that both parties must keep all information learned in connection with the Software strictly confidential. Specifically, each party to the NDA agreed to keep in confidence all Confidential Information, as defined in the NDA, and to not directly or indirectly disclose, publish or make available to any third party, use for its own benefit or the benefit of any person or entity other than the disclosing party, or use for any purpose other than the Project, any Confidential Information it received from the disclosing party.

9. On or about July 2, 2008, Defendant disclosed Confidential Information about the Software to a third party, without privilege, license or consent, in direct violation of the NDA.

**COMPLAINT FOR BREACH OF CONTRACT**

10. As a result of Defendant's breach of his obligation to maintain the confidentiality of information concerning the Software under the NDA, IAA has suffered harm in the nature of loss of good will and reputation, and damages in the nature of economic loss in an amount to be determined at trial, but in no event less than $75,000, and it has been forced to expend attorneys' fees and costs.

11. Defendant's breach of the NDA has resulted in irreparable harm to Plaintiff, for which there is no adequate remedy at law, and, unless Defendant is enjoined from any further unauthorized use and disclosure of Confidential Information subject to the NDA, in violation of the NDA, Plaintiff will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, Plaintiff Information Appliance Associates prays that the Court enter judgment against Defendant, as follows:

(1) A declaration that Defendant has breached the NDA and has caused Plaintiff Information Appliance Associates to suffer harm resulting from his breach of the NDA;

(2) Damages, in an amount to be determined at trial, but in no event less than $75,000;

(3) A preliminary and permanent injunction enjoining Defendant from disclosing any further Confidential Information under the NDA to any third party;

(3) Attorney's fees, costs of suit, pre-judgment and post-judgment interest; and

(4) For such other and further relief as this Court deems equitable and proper.

////////////////////
////////////////////
////////////////////
////////////////////
////////////////////
////////////////////
////////////////////

-3-
**COMPLAINT FOR BREACH OF CONTRACT**

1 | Dated: August 27, 2008

SAUL EWING LLP

_____
Henry A. Platt
Attorney for Plaintiff
Information Appliance Associates

-4-
**COMPLAINT FOR BREACH OF CONTRACT**

# EXHIBIT A TO COMPLAINT

# MUTUAL NONDISCLOSURE AGREEMENT

THIS MUTUAL NONDISCLOSURE AGREEMENT (this "Agreement") is made by and between Information Appliance Associates, a California corporation ("Company"), and Steven Schweiger ("Client") effective as of the 13th day of June 2008.

In consideration for the parties' agreement to participate in the activities described below, the parties agree:

1. <u>Confidential Information</u>. In connection with discussions between Company and Client concerning a potential association or business arrangement (the "Project"), either party may find it beneficial to disclose to the other party certain information in tangible or intangible form that the disclosing party considers to be proprietary and/or confidential (hereinafter referred to as "Confidential Information"), which may include, but is not limited to, trade secrets, inventions, discoveries, ideas, patentable works, concepts, know-how, techniques, processes, designs, specifications, drawings, diagrams, data, computer programs, business plans, business activities and operations, reports, studies and other technical and business information. Confidential Information shall also include descriptions of the existence or progress of the above-described Project.

2. <u>Protection of Confidential Information</u>. Each party acknowledges that the other party claims its Confidential Information as a special, valuable and unique asset. For itself and on behalf of its officers, directors, agents, employees, and affiliates, the receiving party agrees that it shall:

(a) keep in confidence all Confidential Information, and not directly or indirectly disclose, publish or make available to any third party, use for its own benefit or the benefit of any person or entity other than the disclosing party, or use for any purpose other than the Project, any Confidential Information it receives from the disclosing party;

(b) restrict disclosure of the Confidential Information solely to the minimum number of employees necessary in order to complete the Project and only to those employees who have executed written confidentiality or nondisclosure agreements with the receiving party;

(c) not reverse engineer the Confidential Information for any purpose whatsoever; and

(d) use reasonable care to protect the Confidential Information, and in no event use less than the same degree of care to protect the Confidential Information as it would employ with respect to its own information of like importance which it does not desire to have published or disseminated.

3. <u>Limitations on Confidential Information</u>. The obligations of Section 2 shall not apply to disclosed information which:

60181652v1

    (a)    The receiving party knows at the time of disclosure, free of any obligation to keep it confidential, as evidenced by written records;

    (b)    Is or becomes publicly available through authorized disclosure; or

    (c)    The receiving party rightfully obtains from a third party who has the right to transfer or disclose it.

If any portion of any Confidential Information falls within any of the above exceptions, the remainder of the Confidential Information shall continue to be subject to the requirements of this Agreement.

    4.    <u>Compelled Disclosure</u>. If the receiving party faces legal action to disclose Confidential Information received under this Agreement, then the receiving party shall promptly notify the disclosing party and, upon the disclosing party's request, shall cooperate with the disclosing party in contesting such a disclosure.

    5.    <u>Return of Confidential Information</u>. All information furnished under this Agreement, whether in written, electronic or other format, shall remain the disclosing party's property and shall be returned to it or destroyed promptly at its request together with all copies, extracts, plans, schematics or other reproductions in whole or in part made of such information by the receiving party. All documents, memoranda, discs, tapes, notes and other writings whatsoever prepared by the receiving party based on Confidential Information shall be destroyed upon the disclosing party's request and such destruction shall be certified in writing to the disclosing party by an authorized officer of the receiving party.

    6.    <u>No License</u>. Except as expressly set forth in this Agreement, no license under any patents, copyrights, mask rights, trademarks or other proprietary rights is granted or conveyed by one party's transmittal of Confidential Information or other information to the other party under this Agreement, nor shall such a transmission constitute any representation, warranty, assurance, guaranty or inducement by the disclosing party to the receiving party with respect to infringement of patent or other rights of others.

    7.    <u>No Warranty</u>. The receiving party acknowledges that the disclosing party has not made and will not make any representation or warranty as to the accuracy or completeness of its Confidential Information or of any other information provided in connection with the Project, and the receiving party agrees that the disclosing party shall have no liability resulting from the use of the Confidential Information or such other information.

    8.    <u>No Commitment</u>. Confidential Information provided to one party does not and is not intended to represent a commitment by the disclosing party to enter into any business relationship with the receiving party or with any other person or entity or to grant any equity or other interest in the disclosing party or the Confidential Information to the receiving party or any other person or entity. If the parties desire to pursue business opportunities, the parties will execute a separate written agreement to govern such business relationship.

    9.    <u>Equitable Relief</u>. Each party acknowledges that its breach of this Agreement will result in immediate and irreparable harm to the disclosing party, for which there will be no

60181652v1

adequate remedy at law, and the disclosing party shall be entitled to equitable relief to compel the receiving party to cease and desist all unauthorized use and disclosure of the Confidential Information.

   10.   Notices. All notices under this Agreement shall be deemed to have been duly given upon the mailing of the notice, postpaid, or upon the facsimile transmission, to the party entitled to such notice at the address and facsimile number set forth below.

   11.   Export Regulations. Notwithstanding any other provision of this Agreement, neither party shall export or re-export any technical Confidential Information acquired under this Agreement or any commodities using such Confidential Information to any country to which the United States government forbids export or, at the time of export, requires an export license or approval, without first obtaining such license or approval.

   12.   Effective Date and Termination. This Agreement shall be effective as of the date first written above and shall continue for three (3) years following the return of all Confidential Information in accordance with Paragraph 5 above and shall apply to discussions taking place on or before or during the period following the effective date.

   13.   No Waiver; Severability. The failure of any party to require performance by another party of any provision of this Agreement shall in no way affect the full right to require such performance at any time thereafter. Should any provisions of this Agreement be found unenforceable, the remainder shall still be in effect.

   14.   Entire Agreement. This Agreement embodies the entire understanding between the parties respecting the subject matter of this Agreement and supersedes any and all prior negotiations, correspondence, understandings and agreements between the parties respecting the subject mater of this Agreement. This Agreement shall not be modified except by a writing duly executed on behalf of the party against whom such modification is sought to be enforced.

   15.   Assignment and Binding Effect. Neither party may assign this Agreement without the other party's prior written consent, and any assignment in violation of this Agreement shall be void. This Agreement shall benefit and be binding upon the parties to this Agreement and their respective successors and permitted assigns.

   16.   Construction of Agreement. This Agreement has been negotiated by the parties and the language of this Agreement shall not be construed for or against either party.

   17.   Governing Law; Jurisdiction and Venue. This Agreement shall be governed by and construed in accordance with the laws of the State of California. The California state courts of San Diego County (or, if there is exclusive federal jurisdiction, the United States District Court for the Southern District of California) shall have exclusive jurisdiction and venue over any dispute arising out of or relating to this Agreement, and each party hereby consents to the jurisdiction and venue of such courts.

   18.   Counterparts. Either the original or copies, including facsimile transmissions, of this Agreement, may be executed in counterparts, each of which shall be an original as against

any party whose signature appears on such counterpart and all of which together shall constitute one and the same instrument.

    IN WITNESS WHEREOF, the parties have caused their respective duly authorized representatives to execute and deliver this Agreement.

Information Appliance Associates

By _____

Print Name: Terence Goggin

Title: President

Address: 511 Juniper Street
San Diego, CA 92101


RECIPIENT:

By (signature) _____

Print Name: Stevemp Schweiger

Title: _____

Address: 207 E.4th Street
New York, NY 10009

Email Address: steve@shurbuilt.com

Fax No. 212.777.4321

-4-

60181652v1

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Information Appliance Associates

**DEFENDANTS**
Steven Schweiger
207 E. 4th Street, New York, NY 10009

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Henry A. Platt, Saul Ewing LLP, 2600 Virginia Ave., NW, Suite 1000
Washington, D.C. 20037, (202) 333-8800

Attorneys (If Known): Unknown

'08 CV 1585 JM LSP

FILED 2008 AUG 29 AM 8:33 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. sec. 1332**

Brief description of cause:
**Breach of Mutual Nondisclosure Agreement**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **75,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 08/27/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 154532  AMOUNT $350.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
MB 08/29/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

      #  154532     -  MB

       August 29, 2008
          08:35:18


       Civ Fil Non-Pris
USAO #.: 08CV1585 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.:                $350.00 CK
Check#.: BC2392



    Total->  $350.00


  FROM: INFORMATION APPLICANCE ASSOC
        VS STEVEN SCHWEIGER
```